# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

KWEEN MINISTER                                 )
*also known as*                                )
RYISHA BULLOCK,                                )
                                               )
      Plaintiff,                       )
                                               )
      v.                               )    Civil Action No. 25-04483 (UNA)
                                               )
AMEX CREDIT CORP. *et al.*,                    )
                                               )
      Defendants.                      )

## <u>MEMORANDUM OPINION</u>

Plaintiff, appearing *pro se*, has filed a complaint and an application to proceed *in forma pauperis* ("IFP"). For the following reasons, the Court grants the *in forma pauperis* application and dismisses the complaint.

Plaintiff sues American Express Credit Corporation, American Express Company, and fifty unnamed individuals for alleged "securitization, trading, and monetization" of her "consumer credit account "without lawful disclosure, consideration, or accounting[.]" Compl. ¶ 1, ECF No. 1. Plaintiff alleges that in 2022, she applied for and was issued a consumer credit account, which Defendants treated "as a trust-based receivable instrument and subsequently securitized it" via "an asset-backed securities trust pool" that was "sold to investors on the primary securities market." Compl. ¶¶ 10-12. "Thereafter, Defendants caused the same or related receivable interests to be re-securitized" and "traded on secondary and offshore markets." *Id*. ¶ 14. Also, "Defendants created or utilized additional bonds with related maturity dates" that were neither "disclosed in [their] SEC filings" nor "reflected in prospectuses or flow charts submitted to regulators[.]" *Id*. ¶ 16. Plaintiff

posits that Defendants have "generated substantial revenue—exceeding billions of dollars—through securities transactions tied directly to [her] credit account." *Id*. ¶ 2.

Invoking the Securities Exchange Act of 1934, *id*. ¶ 4, Plaintiff seeks equitable relief, including disgorgement, and an unspecified amount of compensatory and statutory damages. *Id*. at 4. The Supreme Court "has found a [private] right of action implied" under Section 10(b) of the Securities Exchange Act proscribing "manipulative and deceptive devices" in connection with the purchase or sale of a security. *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 552 U.S. 148, 157 (2008); 15 U.S.C. § 78j. To state a claim for relief, a plaintiff must allege plausible facts establishing "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Stoneridge Inv. Partners, LLC*, 552 U.S. at 157. Reliance on "the defendant's deceptive acts is an essential element of the § 10(b) private cause of action." *Id*. at 159. In pleading the first and second elements, moreover, "the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading" and "with respect to each act or omission state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(1),(b)(2). "[I]f an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." *Id*. at 4(b)(1). This is consistent with the general requirement that fraud "be pled with particularity[.]" *In re Harman Intern. Industries, Inc. Securities Litigation*, 791 F.3d 90, 100 (D.C. Cir. 2015) (citing Fed. R. Civ. P. 9(b)).

Plaintiff's generalized allegations satisfy none of the pleading requirements discussed above, and the complaint presents no other cognizable claim. Therefore, the Court dismisses the

complaint for failure to state a claim.[1]  28 U.S.C. § 1915(e)(2)(B)(ii).  A separate order accompanies this memorandum opinion.

_____/s/_____
RUDOLPH CONTRERAS
Date: April 20, 2026                                    United States District Judge

---

[1]  To the extent Plaintiff challenges Defendants' investment practices, the Securities and Exchange Commission (SEC) has discretion to investigate violations of the Act and to bring court actions seeking monetary penalties, disgorgement, and other equitable relief.  *See generally* 15 U.S.C. § 78u.  Such decisions are not subject to judicial review.  *See Sierra Club v. Jackson*, 648 F.3d 848, 855 (D.C. Cir. 2011) (noting that the Administrative Procedure Act "explicitly excludes from judicial review those agency actions that are 'committed to agency discretion by law.' ") (quoting 5 U.S.C. § 701(a)); *Kixmiller v. Securities and Exchange Commission*, 492 F.2d 641, 645 (D.C. Cir. 1974) ("the specifications of the [Securities Exchange Act] leave no doubt" that the SEC's investigation and enforcement decisions are "generally unreviewable").